**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STRIKE 3 HOLDINGS, LLC,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-02063-TPB-AAS**

**JOHN DOE subscriber assigned IP address 173.169.90.218,**

**Defendant.**

**______________________________________/**

**ORDER**

Plaintiff Strike 3 Holdings, LLC (Strike 3), requests leave to serve a third-party subpoena on the defendant's internet service provider, Spectrum, to ascertain the defendant's identity. (Doc. 10).

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Under Rule 26(d)(1), a party generally may not seek discovery from any source before the Rule 26(f) conference absent an order of the Court or other special circumstance. The Court may grant a party expedited discovery prior to the Rule 26(f) conference upon a showing of 'good cause.'" *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-1552-KKM-CPT, 2022 WL 2967419, at *1 (M.D. Fla. July 27, 2022) (internal citations omitted).

Through the affidavits attached to its motion, Strike 3 "has sufficiently alleged infringement; it does not have another way to discover the alleged infringer's identity to proceed with the litigation; and [internet service providers] rarely maintain the information for long." *Strike 3 Holdings, LLC v. Doe*, No. 5:22-cv-144-JA-PRL, 2022 WL 952735, at *1 (M.D. Fla. Mar. 30, 2022). "Other courts have frequently concluded there is good cause for limited, early discovery on similar facts." *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-765-KKM-CPT, 2022 WL 1721034, at *1 (M.D. Fla. May 27, 2022) (citing cases). Strike 3 has thus established good cause for expedited discovery in this matter.

Thus, Plaintiff Strike 3 Holdings, LLC's Motion for Leave to Serve Third-Party Subpoena (Doc. 10) is **GRANTED**. After the identity of the defendant is discovered, Strike 3 must notify the defendant (or his or her counsel, if represented) of Strike 3's intent to name and serve the defendant at least fourteen days prior to seeking an issuance of a summons from the Clerk.

**ORDERED** in Tampa, Florida, on August 4, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge